STATE OF NORTH CAROLINA v. STEVEN DALTON WHEELER

No. 281PA87

(Filed 9 March 1988)

**Homicide § 21.6; Weapons and Firearms § 3— felony murder—discharging a firearm into occupied vehicle—evidence sufficient**

In a prosecution for first degree murder under the felony murder rule based on discharging a firearm into an occupied vehicle, the trial court did not err by denying defendant's motion to dismiss at the close of all the evidence where there was evidence that defendant intentionally fired into the vehicle in that a rational trier of fact could conclude from evidence that defendant intentionally fired at the vehicle that he intended to fire into the vehicle; defendant's statement that he did not intend to shoot into the vehicle was contradicted by the evidence that he fired the pistol at the vehicle and his statement does not entitle him to have the case dismissed; the intentional firing into a vehicle which the defendant knows to be occupied supports a finding that the act was done in reckless disregard of the rights and safety of others; and the fact that only one of the thirteen or fourteen bullets defendant fired entered the vehicle and defendant's statement that he did not intend to fire into the vehicle went to the strength of the evidence. It can also be argued that if thirteen or fourteen shots are fired in the direction of a vehicle that a reasonable man could conclude that one of them is likely to enter the vehicle.

ON writ of certiorari to review an order entered by *Hight, J.,* at the 19 December 1986 session of Superior Court, VANCE County, denying defendant's motion for appropriate relief from a judgment imposing a life sentence at the 28 October 1985 Criminal Session of Superior Court, FRANKLIN County. Heard in the Supreme Court 9 February 1988.

Defendant was tried for first degree murder. The evidence tended to show that defendant was the manager of the Blues Bar. The victim, John Steven Dement, and his friend, Brent Julien, had been barred from the Blues Bar because they had engaged in a fight in the bar. On the day in question, Mr. Dement and Mr. Julien were at the bar. Defendant asked them to leave.

Mr. Dement and Mr. Julien left the bar and the defendant followed them. Mr. Dement, Mr. Julien and Deborah Sumner entered a pickup truck. The truck was moved toward the highway where it was stopped. Someone inside the truck fired two shots toward the group of people standing outside the bar. Defendant then fired thirteen or fourteen shots from a nine millimeter pistol

in the direction of the truck. Defendant testified that he did not intend to hit the truck. A bullet hit Mr. Dement in the back of the head and killed him. The truck pulled away. Mr. Julien and Ms. Sumner stopped Officer John Martin of the Wake Forest Police Department and told him what happened. Officer Martin contacted the Wake County Sheriff's Department. Deputy Ken Duckworth and Captain F. L. Benson went to the Blues Bar, where defendant told them he had fired either "back over" the truck or "in their direction" but knew he did not hit it because he was a good shot.

The jury found defendant guilty of first degree murder. The court sentenced him to life imprisonment. Six weeks later, the superior court denied defendant's motion for appropriate relief. On 22 July 1987 this Court allowed defendant's petition for writ of certiorari.

*Lacy H. Thornburg, Attorney General, by Doris J. Holton, Assistant Attorney General, for the State.*

*Davis, Sturges & Tomlinson, by Charles M. Davis and Arthur Vann, for defendant appellant.*

WEBB, Justice.

In his first assignment of error, defendant contends the trial court erred in denying his motion to dismiss at the close of all the evidence. Defendant was convicted of first degree murder under the felony murder rule, based on the felony of discharging a firearm into an occupied vehicle. Defendant argues that there was insufficient evidence to convict him of first degree murder because there was insufficient evidence to convict him of the underlying felony of discharging a firearm into an occupied vehicle. N.C.G.S. § 14-34.1 provides, in pertinent part:

> Any person who willfully or wantonly discharges or attempts to discharge:
>
> . . . .
>
> (2) A firearm into any . . . vehicle . . . while it is occupied is guilty of a Class H felony.

The felony murder rule, based on the underlying felony of firing into an occupied building or vehicle, has been interpreted in *State*

*v. Wall,* 304 N.C. 609, 286 S.E. 2d 68 (1982); *State v. Swift,* 290 N.C. 383, 226 S.E. 2d 652 (1976); and *State v. Williams,* 284 N.C. 67, 199 S.E. 2d 409 (1973). These cases hold that a person has committed the felony of firing into an occupied vehicle under N.C.G.S. § 14-34.1, which will support a conviction of felony murder under N.C.G.S. § 14-17, "if he intentionally, without legal justification or excuse, discharges a firearm into *an occupied* [vehicle] with knowledge that the [vehicle] is then occupied by one or more persons or when he has reasonable grounds to believe that the [vehicle] might be occupied by one or more persons." *Williams,* 284 N.C. at 73, 199 S.E. 2d at 412.

The defendant contends the case should have been dismissed at the close of all the evidence because a rational trier of fact could not have found beyond a reasonable doubt that the defendant intentionally fired into the vehicle. *See Jackson v. Virginia,* 443 U.S. 307, 61 L.Ed. 2d 560 (1979); *State v. Thompson,* 306 N.C. 526, 294 S.E. 2d 314 (1982); and *State v. Jones,* 303 N.C. 500, 279 S.E. 2d 835 (1981). This case is similar to *Wall.* The evidence in that case was that the defendant fired three shots at a vehicle which was leaving the premises of a convenience store. Two of the shots entered the vehicle and one of them struck the driver in the head, causing his death. In upholding the charge of the superior court as to the proof of intent this Court said, "It is an inherently incredible proposition that defendant could have intentionally fired a shot 'at' the fleeing Volkswagen without intending that the bullet go 'into' the vehicle." *Wall,* 304 N.C. at 617, 286 S.E. 2d at 73. In this case, we hold any rational trier of fact could find the defendant intended to fire into the vehicle from the evidence that the defendant pointed the pistol toward the vehicle and fired the pistol so that a bullet went into the vehicle.

The defendant argues that by allowing a jury to find that the defendant intentionally fired into a vehicle from evidence he fired at the vehicle, we have expanded the words of the statute and reduced the burden of what the State must prove. He contends this is so because we have allowed him to be convicted by evidence that he intentionally fired at the vehicle rather than evidence he intentionally fired into the vehicle. We do not believe we have changed the statute. The question is what a rational trier of fact may reasonably find from the evidence. We hold that a rational trier of fact could conclude from evidence the defendant

intentionally fired at the vehicle that he intended to fire into the vehicle. The defendant also argues that we have violated the rule of *Mullaney v. Wilbur*, 421 U.S. 684, 44 L.Ed. 2d 508 (1975), by creating a presumption that the defendant intentionally fired into the vehicle if the jury should find he fired at the vehicle. The defendant contends this unconstitutionally relieves the State of proving all elements of the offense. The answer to this argument is that no presumption has been created and the superior court did not so charge the jury. The jury was allowed to make a reasonable inference based on competent evidence.

The defendant also contends that the only evidence of intent was the statement of the defendant that he did not intend to fire into the vehicle. He argues, relying on *State v. Johnson*, 261 N.C. 727, 136 S.E. 2d 84 (1964); and *State v. Carter*, 254 N.C. 475, 119 S.E. 2d 461 (1961), that the State introduced this exculpatory statement and is bound by it. He says the State's evidence on this point is the same as his evidence and the case should have been dismissed. In both *Johnson* and *Carter* the evidence was that the defendant had killed a person. The only explanation as to how the death occurred in each case was a statement by the defendant which showed she had killed in self-defense. In each case, this Court held a motion for nonsuit should have been allowed. In *Carter*, Chief Justice Winbourne, writing for the Court, said, "When the State introduces in evidence exculpatory statements of the defendant which are not contradicted or shown to be false by any other facts or circumstances in evidence, the State is bound by these statements." *Carter*, 254 N.C. at 479, 119 S.E. 2d at 464. In this case, the statement of the defendant that he did not intend to shoot into the vehicle was contradicted by the evidence that he fired the pistol at the vehicle. The defendant's exculpatory statement does not entitle him to have the case dismissed. *State v. Wilson*, 264 N.C. 373, 141 S.E. 2d 801 (1965).

The defendant contends, based on *State v. Brackett*, 306 N.C. 138, 291 S.E. 2d 660 (1982), that the State did not prove he intentionally fired into the vehicle. *Brackett* dealt with the willful and wanton burning of a building. This Court held that to convict a person of the willful and wanton burning of a building it is necessary to prove the intentional burning of the building and that it was done in reckless disregard of the rights and safety of others. We held in that case that the evidence supported a finding

that the defendant intentionally set fire to a building, but it did not support a finding that she did it in reckless disregard of the rights and safety of others. In this case, we hold that the intentional firing into a vehicle, which the defendant knows to be occupied, supports a finding that the act was done in reckless disregard of the rights and safety of others.

The defendant argues further that the maxim that a person intends the consequences of his acts does not apply in this case and that if it does it is more helpful to the defendant than to the State. He says this is so because he said he did not intend to fire into the vehicle and the fact that only one of the thirteen or fourteen bullets he fired entered the vehicle shows it was not likely one would do so. This is a matter of the strength of the evidence which was to be considered by the jury. It can also be argued that if thirteen or fourteen shots are fired in the direction of the vehicle that a reasonable man could conclude one of them is likely to enter the vehicle. This is evidence of an intent to fire into the vehicle.

The defendant's first assignment of error is overruled.

The defendant next contends the superior court erred in denying his motion for appropriate relief because the evidence was not sufficient to submit the charge of first degree murder to the jury and the jury's verdict was contrary to the weight of the evidence. Based on our holding as to the first assignment of error, we overrule this assignment of error.

No error.