**STATE v. MILES**

[223 N.C. App. 160 (2012)]

STATE OF NORTH CAROLINA v. ROMIDS A. MILES

No. COA12-323

(Filed 16 October 2012)

**1. Firearms and Other Weapons—discharging firearm into occupied dwelling—motion to dismiss—sufficiency of evidence—porch as part of dwelling**

The trial court did not err by denying defendant's motion to dismiss the charge of discharging a firearm into an occupied dwelling. The porch is a part of the dwelling for purposes of N.C.G.S. § 14-34.1, and there was substantial evidence that the porch was occupied.

**2. Firearms and Other Weapons—possession of firearm by felon—stipulation to prior felony conviction—no abuse of discretion when limited to plain error review**

The trial court did not err by admitting into evidence the substance of defendant's stipulation concerning a prior felony conviction to support the charge of possession of a firearm by a felon. It could not be concluded that the trial court abused its discretion when review was limited to plain error.

Appeal by defendant from judgments entered 15 September 2011 by Judge Robert H. Hobgood in Vance County Superior Court. Heard in the Court of Appeals 13 September 2012.

*Attorney General Roy Cooper, by Special Deputy Attorney General David P. Brenskelle, for the State.*

*Robert W. Ewing for defendant appellant.*

McCULLOUGH, Judge.

Romids A. Miles ("defendant") appeals from his convictions for discharging a firearm into an occupied dwelling and possession of a firearm by a felon on the grounds that the trial court erred in denying his motion to dismiss the charge of discharging a firearm into an occupied dwelling and admitting into evidence the substance of his stipulation concerning a prior felony conviction to support the charge of possession of a firearm by a felon. For the following reasons, we find no error.

## I. Background

On 16 July 2010, at approximately 4:30 p.m., Clara Durham ("Ms. Durham") was on her porch with her son, granddaughter, and great-grandson when gunshots were heard nearby and her grandson, Shawn Stamper ("Mr. Stamper"), came running toward her house. Defendant followed Mr. Stamper in pursuit, firing at him.

When Mr. Stamper reached Ms. Durham's house, he ran behind the house and reemerged on the other side, returning fire away from the house at defendant. At this point, defendant fired back towards Ms. Durham's house at Mr. Stamper three times. Ms. Durham testified that two of the bullets struck the house. As defendant fired towards the house at Mr. Stamper, Ms. Durham and the rest of her family on the porch attempted to escape the gunfire by entering the house through the front door. Once everyone on the porch was inside, the police were called. The police responded and detained defendant.

On 3 January 2011, a Vance County Grand Jury indicted defendant on one charge of discharging a weapon into occupied property in violation of N.C. Gen. Stat. § 14-34.1(b). On 8 August 2011, a Vance County Grand Jury returned a second bill of indictment charging defendant with possession of a firearm by a felon in violation of N.C. Gen. Stat. § 14-415.1. The case came on for trial during the 12 September 2011 Criminal Session of Vance County Superior Court before the Honorable Robert H. Hobgood, Judge Presiding.

On 15 September 2011, the jury found defendant guilty of discharging a firearm into an occupied dwelling and possession of a firearm after having been convicted of a felony. The trial judge entered judgments sentencing defendant to two consecutive sentences totaling a minimum of 130 to a maximum of 165 months. Defendant appeals.

## II. Analysis

[1] On appeal, defendant first contends that the trial court erred by denying his motion to dismiss the charge of discharging a weapon into occupied property. We disagree.

"This court reviews the trial court's denial of a motion to dismiss *de novo.*" *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). " 'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense.' "

*State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994)).

"The elements of discharging a firearm into occupied property are '(1) willfully and wantonly discharging (2) a firearm (3) into property (4) while it is occupied.'" *State v. Dubose,* 208 N.C. App. 406, 409-10, 702 S.E.2d 330, 333 (2010) (quoting *State v. Rambert*, 341 N.C. 173, 175, 459 S.E.2d 510, 512 (1995)); *see also* N.C. Gen. Stat. § 14-34.1 (2011).

> There is no requirement that the defendant have a specific intent to fire *into* the occupied building, only that he . . . (1) intentionally discharged the firearm *at* the occupied building with the bullet(s) entering the occupied building, or (2) intentionally discharged the firearm at a person with the bullet(s) entering an occupied building[.]

*State v. Byrd,* 132 N.C. App. 220, 222, 510 S.E.2d 410, 412 (1999) (citations omitted). In this case, defendant specifically contends that there was no substantial evidence that the property was occupied when the firearm was discharged.

The evidence presented at trial tended to show that Ms. Durham and her family were on the front porch of her residence when defendant discharged the firearm toward the house at Mr. Stamper. When the firearm was discharged, Ms. Durham and her family tried to escape the gunfire by entering the house through the front door. However, at the time defendant discharged the firearm, there was no one inside the house.

In asserting there is no substantial evidence that the property was occupied, defendant contends that a porch is not a building for purposes of N.C. Gen. Stat. § 14-34.1. To support his argument, defendant cites *State v. Gamble*, 56 N.C. App. 55, 286 S.E.2d 804 (1982). In *Gamble*, we defined a building as " 'a constructed edifice designed to stand more or less permanently, covering a space of land, usu. covered by a roof and more or less completely enclosed by walls, and

serving as a dwelling . . . or other useful structure—distinguished from structures not designed for occupancy[.]' " *Id.* at 58, 286 S.E.2d at 806 (quoting Webster's Third New International Dictionary 292 (1968 ed.). In applying the definition of "building" in that case, we dismissed the indictments against a defendant for breaking or entering on the grounds that the fenced-in area around a business was not a building within the meaning of N.C. Gen. Stat. § 14-54. *Id.* at 59, 286 S.E.2d at 806.

Defendant now urges the Court to narrowly construe the definition of "building" based on *Gamble* and to apply this construction in the present case to conclude that Ms. Durham's porch is not a building because it is not fully enclosed by walls. We decline to accept defendant's argument.

First, the porch fits the definition of a "building" in all respects except that it is not fully enclosed by walls. In the case before us, the porch was attached to the dwelling and shared a common wall. Additionally, the porch was covered by the same roof as the house and was designed to stand permanently. Furthermore, the porch is used for many of the same activities for which the inside of a dwelling is used and is therefore distinguishable from a fenced-in area around a business in that the porch outside a dwelling is a useful structure designed for occupancy.

Second, N.C. Gen. Stat. § 14-34.1 is much broader then N.C. Gen. Stat. § 14-54. N.C. Gen. Stat. § 14-54 applies only to breaking or entering into buildings, defined to include "any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property." N.C. Gen. Stat. § 14-54(c). On the other hand, N.C. Gen. Stat. § 14-34.1 applies to discharging a firearm into occupied property, including "into any building, structure, vehicle, aircraft, watercraft, or other conveyance, device, equipment, erection, or enclosure . . . ." N.C. Gen. Stat. § 14-34.1(a). Therefore, in addition to a building, a porch may be classified as a structure, erection, or enclosure within the meaning of the statute.

Third, "[t]he purpose of N.C.G.S. § 14-34.1 is to protect occupants of the building, vehicle or other property described in the statute." *State v. Mancuso*, 321 N.C. 464, 468, 364 S.E.2d 359, 362 (1988). In light of the purpose of the statute, we struggle to find any reason why the porch should not be considered part of the dwelling in this case.

Thus, we conclude that the porch is a part of the dwelling for purposes of N.C. Gen. Stat. § 14-34.1 and the trial court did not err in denying defendant's motion to dismiss the charge of discharging a firearm into an occupied dwelling where there is substantial evidence that the porch was occupied.

**[2]** On appeal, defendant also contends that the trial court plainly erred by admitting into evidence the substance of his stipulation concerning a prior felony conviction in order to prove the charge of possession of a firearm by a felon. We disagree.

Generally, we review the trial court's admission of evidence under N.C. Gen. Stat. § 8C-1, Rule 403, for an abuse of discretion. *State v. McCray*, 342 N.C. 123, 131, 463 S.E.2d 176, 181 (1995). However, defendant must preserve the issue for appeal by raising a timely objection at trial. *See State v. Eason*, 328 N.C. 409, 420, 402 S.E.2d 809, 814 (1991) ("In order to preserve a question for appellate review, a party must have presented the trial court with a timely request, objection or motion, stating the specific grounds for the ruling sought if the specific grounds are not apparent."); *see also* N.C.R. App. P. 10(a)(1). As is the case here, where there is no objection to the admission of the evidence at trial, we are limited to a review for plain error. *See* N.C.R. App. P. 10(a)(4) ("In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error."); *see also State v. Goss*, 361 N.C. 610, 622, 651 S.E.2d 867, 875 (2007).

Plain error arises when the error is " 'so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]' " *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982) (footnotes omitted)). "Under the plain error rule, defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." *State v. Jordan*, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993).

Here, the stipulation was admitted as evidence of defendant's guilt of possession of a firearm by a felon. In order to convict defendant of possession of a firearm by a felon, the State need only prove that "(1) defendant was previously convicted of a felony; and (2) thereafter possessed a firearm." *State v. Wood*, 185 N.C. App. 227, 235,

647 S.E.2d 679, 686 (2007); *see also* N.C. Gen. Stat. § 14-415.1(a) (2011). In proving that defendant was previously convicted of a felony, "records of prior convictions . . . shall be admissible in evidence[.]" N.C. Gen. Stat. § 14-415.1(b) (2011).

In this case, on 12 September 2011, defendant stipulated that he was convicted of felony possession of cocaine in Vance County on 28 September 2001 with an offense date of 12 January 2001.

Despite authorization in N.C. Gen. Stat. § 14-415.1(b), defendant contends that the trial court erred in reading his stipulation to a prior felony conviction for possession of cocaine to the jury for purposes of proving defendant was previously convicted of a felony. Defendant specifically argues that reading the stipulation, as opposed to simply stipulating that defendant had been convicted of a prior felony, was an abuse of discretion under Rule 403.

Under Rule 403 the trial court has discretion to exclude evidence if the probative value of the evidence is substantially outweighed by unfair prejudice. N.C. Gen. Stat. § 8C-1, Rule 403 (2011). However, as stated *supra*, defendant failed to preserve the issue for appeal and "[our] Supreme Court has specifically refused to apply the plain error standard of review 'to issues which fall within the realm of the trial court's discretion[.]' " *State v. Cunningham*, 188 N.C. App. 832, 837, 656 S.E.2d 697, 700 (2008) (quoting *State v. Steen*, 352 N.C. 227, 256, 536 S.E.2d 1, 18 (2000)). Therefore, we cannot conclude that the trial court abused its discretion in admitting the nature of defendant's prior felony conviction where we are limited to a review for plain error.

### III. Conclusion

For the reasons discussed above, the trial court did not err in denying defendant's motion to dismiss the charge of discharging a firearm into an occupied dwelling and admitting into evidence the nature of defendant's prior felony conviction.

No error.

Judges HUNTER, JR. (Robert N.) and ERVIN concur.