IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-427

No. COA20-676

Filed 17 August 2021

Martin County, Nos. 18 CRS 346, 50842

STATE OF NORTH CAROLINA, Plaintiff,

v.

ROBERT LOUIS STATON, Defendant.

Appeal by Defendant from judgment entered 30 January 2020 by Judge Wayland Sermons in Martin County Superior Court. Heard in the Court of Appeals 25 May 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General John Tillery, for the State.*

*Mark Hayes for Defendant.*

GRIFFIN, Judge.

¶ 1          Defendant Robert Louis Staton ("Defendant") appeals from a conviction of discharging a firearm into an occupied vehicle while in operation. Defendant argues that the court erred by not dismissing the charge because the bullet hit the toolbox and not the truck. After review, we discern no error.

## I.     Factual and Procedural Background

¶ 2        On 3 December 2018, Defendant was indicted for (1) discharging a firearm into an occupied vehicle while in operation and (2) possession of a firearm by a felon. This charge arose from an incident where Defendant fired three shots at the pickup truck of Mr. John Griffin while both individuals were driving down the road.

¶ 3        At trial, Mr. Griffin testified that Defendant pulled onto the road behind him and accelerated until Defendant positioned his vehicle closely behind Mr. Griffin's vehicle. Mr. Griffin stated that he saw Defendant stick his arm out the window of Defendant's vehicle with a small caliber gun and fire three shots at Mr. Griffin's pickup. Mr. Griffin immediately went to the police station and found no one present. He then went to the magistrate's office. When Mr. Griffin arrived at the magistrate's office, he saw one bullet hole in his toolbox. He testified that the hole came from the Defendant's shots at his vehicle. The State offered into evidence photographs of Mr. Griffin's truck, photographs of Mr. Griffin's toolbox with a single hole from a gunshot, and a photograph of the bullet that was pulled from Mr. Griffin's toolbox. Mr. Griffin testified that he was unaware of any damage to his toolbox prior to the interaction with Defendant.

¶ 4        Defendant made an initial motion to dismiss for insufficiency of the evidence at the close of the State's evidence. That motion was denied. Defendant's motion to dismiss for insufficiency of the evidence was renewed after all evidence had been entered and was again denied by the trial court judge.

On 30 January 2020, a jury found Defendant guilty of (1) discharging a firearm into an occupied vehicle while in operation and (2) possession of a firearm by a felon. Defendant timely appeals.

## II.     Analysis

Defendant appeals from a jury verdict finding Defendant guilty of discharging a firearm into an occupied vehicle while in operation, in violation of N.C. Gen. Stat. § 14-34.1(b).    Defendant contends that the trial court erred by not granting Defendant's motion to dismiss for lack of evidence.    Defendant argues that under N.C. Gen. Stat. § 14-34.1(b), the bullet must, at a minimum, strike an exterior wall of the vehicle to be a violation of the statute.    Defendant also argues that N.C. Gen. Stat. § 14-34.1(b) was not violated because the toolbox is not included as part of the truck for the purposes of the statute.    We disagree.

Defendant properly preserved the denial of the motion to dismiss for insufficiency of the evidence for appeal at the trial court level. *See* N.C. R. App. P. 10(a)(3) (stating a party who wishes to preserve for appeal a motion to dismiss for insufficiency of the evidence must make a motion to dismiss at the close of the State's evidence and again at the close of all evidence).

### A. *Standard of Review*

"This Court reviews the trial court's denial of a motion to dismiss *de novo.*" *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citing *State v.*

*Mckinnon*, 306 N.C. 288, 298, 293 S.E.2d 118, 125 (1982)). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of the offense. If so, the motion is properly denied." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).

*B. The Motion to Dismiss*

¶ 9 The trial court did not err in denying Defendant's motion to dismiss. The evidence, when viewed in the light most favorable to the State, substantially showed that each element of N.C. Gen. Stat. § 14-34.1(b) had been met and that Defendant was the perpetrator.

¶ 10 N.C. Gen. Stat. § 14-34.1(b) requires a defendant to "(1) willfully and wantonly discharg[e] (2) a firearm (3) into property (4) while it is occupied." *State v. Rambert*, 341 N.C. 173, 175, 459 S.E.2d 510, 512 (1995). The "into property" element includes

any "building, structure, vehicle, aircraft, or other conveyance, device, equipment, erection, or enclosure[.]"  N.C. Gen. Stat. § 14-34.1(a) (2019).

¶ 11 Defendant does not contest the sufficiency of the State's evidence as to the elements of willfully and wantonly discharging a firearm or that the vehicle was occupied.  Defendant only argues that the State failed to prove that any shot went "into" the vehicle.

¶ 12 "[T]he 'into [property]' element is satisfied when [a] bullet[] damage[s] the exterior of a building, even though there is no evidence that the bullet[] penetrated to the interior."  *State v. Canady*, 191 N.C. App. 680, 689, 664 S.E.2d 380, 385 (2008) (citations omitted).  Further, "[t]here is no requirement that the defendant have a specific intent to fire *into* the occupied building, only that he . . . (1) intentionally discharged the firearm *at* the occupied building with the bullet(s) entering the occupied building, or (2) intentionally discharged the firearm at a person with the bullet(s) entering an occupied building."  *Id.* at 686, 664 S.E.2d at 383-84 (citation omitted).

¶ 13 In *State v. Miles*, 223 N.C. App. 160, 733 S.E.2d 572 (2012), the defendant alleged that he had not violated N.C. Gen. Stat. § 14-34.1(b) when he discharged a firearm that struck a porch because the porch was not part of the house.  *State v. Miles*, 223 N.C. App. 160, 161, 733 S.E.2d 572, 573 (2012).  This Court found no error by the trial court in denying the defendant's motion to dismiss pursuant to N.C. Gen.

Stat. § 14-34.1(b). *Id.* at 160, 733 S.E.2d at 573. This Court reasoned that the porch fell into the meaning of "building" because it was attached to the house and shared many of the same activities as the home. The *Miles* Court employed a broad construction of N.C. Gen. Stat. § 14-34.1, applying the statute to "any building, structure . . . or other conveyance, device, equipment, erection, or enclosure", and there was no reason to find that the porch was not part of the house, given the purpose of the statute. *Id.* at 163-64, 733 S.E.2d at 574-75. "The purpose of [N.C. Gen. Stat.] § 14-34.1 is to protect occupants of the building, vehicle, or other property, described in the statute." *Id.* at 163, 733 S.E.2d at 575 (quoting *State v. Mancuso*, 321 N.C. 464, 468, 364 S.E.2d 359, 362 (1988)).

¶ 14    Here, the "into [property]" element was satisfied when the bullet struck the truck's toolbox. While the bullet did not enter the vehicle through a standard part of the vehicle, such as the tailgate or the door, the bullet did strike the exterior of the vehicle, via the toolbox. Similar to *Miles*, where this Court ruled that a bullet that struck the outside of a porch satisfied the "into [property]" element, a bullet striking a toolbox connected to an occupied vehicle is sufficient to satisfy the "into [property]" element. In *Miles*, the porch was attached to the exterior of the house and shared a common wall with the house. *Miles*, 223 N.C. App. at 163, 733 S.E.2d at 574. In the case before us, the toolbox was similarly fastened to the exterior of the truck and even sat inside the bed of the truck, adjacent to the wall of the truck's passenger cabin.

¶ 15   The legislative purpose of the statute is clear. The purpose of the statute is to protect the occupants of certain properties from being shot at. *Mancuso*, 321 N.C. at 468, 364 S.E.2d at 362. To hold that Defendant is not guilty would contradict the purpose of the statute and frustrate the intent of the legislature.

¶ 16   We agree with the trial court that the State met its burden to proceed to the jury on its theory that Defendant willfully discharged a firearm into an occupied vehicle while in operation. The bullet striking the toolbox of the vehicle is sufficient to meet the requirement of firing "into [property]".

### III. Conclusion

¶ 17   The trial court did not err in denying Defendant's motion to dismiss the charge of discharging a firearm into an occupied vehicle while in operation.

   NO ERROR.

   Chief Judge STROUD and Judge HAMPSON concur.