IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-427

 No. COA20-676

 Filed 17 August 2021

 Martin County, Nos. 18 CRS 346, 50842

 STATE OF NORTH CAROLINA, Plaintiff,

 v.

 ROBERT LOUIS STATON, Defendant.

 Appeal by Defendant from judgment entered 30 January 2020 by Judge

 Wayland Sermons in Martin County Superior Court. Heard in the Court of Appeals

 25 May 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General John Tillery,
 for the State.

 Mark Hayes for Defendant.

 GRIFFIN, Judge.

¶1 Defendant Robert Louis Staton (“Defendant”) appeals from a conviction of

 discharging a firearm into an occupied vehicle while in operation. Defendant argues

 that the court erred by not dismissing the charge because the bullet hit the toolbox

 and not the truck. After review, we discern no error.

 I. Factual and Procedural Background
 STATE V. STATON

 2021-NCCOA-427

 Opinion of the Court

¶2 On 3 December 2018, Defendant was indicted for (1) discharging a firearm into

 an occupied vehicle while in operation and (2) possession of a firearm by a felon. This

 charge arose from an incident where Defendant fired three shots at the pickup truck

 of Mr. John Griffin while both individuals were driving down the road.

¶3 At trial, Mr. Griffin testified that Defendant pulled onto the road behind him

 and accelerated until Defendant positioned his vehicle closely behind Mr. Griffin’s

 vehicle. Mr. Griffin stated that he saw Defendant stick his arm out the window of

 Defendant’s vehicle with a small caliber gun and fire three shots at Mr. Griffin’s

 pickup. Mr. Griffin immediately went to the police station and found no one present.

 He then went to the magistrate’s office. When Mr. Griffin arrived at the magistrate’s

 office, he saw one bullet hole in his toolbox. He testified that the hole came from the

 Defendant’s shots at his vehicle. The State offered into evidence photographs of Mr.

 Griffin’s truck, photographs of Mr. Griffin’s toolbox with a single hole from a gunshot,

 and a photograph of the bullet that was pulled from Mr. Griffin’s toolbox. Mr. Griffin

 testified that he was unaware of any damage to his toolbox prior to the interaction

 with Defendant.

¶4 Defendant made an initial motion to dismiss for insufficiency of the evidence

 at the close of the State’s evidence. That motion was denied. Defendant’s motion to

 dismiss for insufficiency of the evidence was renewed after all evidence had been

 entered and was again denied by the trial court judge.
 STATE V. STATON

 2021-NCCOA-427

 Opinion of the Court

¶5 On 30 January 2020, a jury found Defendant guilty of (1) discharging a firearm

 into an occupied vehicle while in operation and (2) possession of a firearm by a felon.

 Defendant timely appeals.

 II. Analysis

¶6 Defendant appeals from a jury verdict finding Defendant guilty of discharging

 a firearm into an occupied vehicle while in operation, in violation of N.C. Gen. Stat.

 § 14-34.1(b). Defendant contends that the trial court erred by not granting

 Defendant’s motion to dismiss for lack of evidence. Defendant argues that under N.C.

 Gen. Stat. § 14-34.1(b), the bullet must, at a minimum, strike an exterior wall of the

 vehicle to be a violation of the statute. Defendant also argues that N.C. Gen. Stat. §

 14-34.1(b) was not violated because the toolbox is not included as part of the truck for

 the purposes of the statute. We disagree.

¶7 Defendant properly preserved the denial of the motion to dismiss for

 insufficiency of the evidence for appeal at the trial court level. See N.C. R. App. P.

 10(a)(3) (stating a party who wishes to preserve for appeal a motion to dismiss for

 insufficiency of the evidence must make a motion to dismiss at the close of the State’s

 evidence and again at the close of all evidence).

 A. Standard of Review

¶8 “This Court reviews the trial court’s denial of a motion to dismiss de novo.”

 State v. Smith, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citing State v.
 STATE V. STATON

 2021-NCCOA-427

 Opinion of the Court

 Mckinnon, 306 N.C. 288, 298, 293 S.E.2d 118, 125 (1982)). “Upon defendant’s motion

 for dismissal, the question for the Court is whether there is substantial evidence (1)

 of each essential element of the offense charged, or of a lesser offense included

 therein, and (2) of defendant’s being the perpetrator of the offense. If so, the motion

 is properly denied.” State v. Fritsch, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting

 State v. Barnes, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), cert. denied, 531 U.S.

 890, 148 L. Ed. 2d 150 (2000). “In making its determination, the trial court must

 consider all evidence admitted, whether competent or incompetent, in the light most

 favorable to the State, giving the State the benefit of every reasonable inference and

 resolving any contradictions in its favor.” State v. Rose, 339 N.C. 172, 192, 451 S.E.2d

 211, 223 (1994), cert. denied, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).

 B. The Motion to Dismiss

¶9 The trial court did not err in denying Defendant’s motion to dismiss. The

 evidence, when viewed in the light most favorable to the State, substantially showed

 that each element of N.C. Gen. Stat. § 14-34.1(b) had been met and that Defendant

 was the perpetrator.

¶ 10 N.C. Gen. Stat. § 14-34.1(b) requires a defendant to “(1) willfully and wantonly

 discharg[e] (2) a firearm (3) into property (4) while it is occupied.” State v. Rambert,

 341 N.C. 173, 175, 459 S.E.2d 510, 512 (1995). The “into property” element includes
 STATE V. STATON

 2021-NCCOA-427

 Opinion of the Court

 any “building, structure, vehicle, aircraft, or other conveyance, device, equipment,

 erection, or enclosure[.]” N.C. Gen. Stat. § 14-34.1(a) (2019).

¶ 11 Defendant does not contest the sufficiency of the State’s evidence as to the

 elements of willfully and wantonly discharging a firearm or that the vehicle was

 occupied. Defendant only argues that the State failed to prove that any shot went

 “into” the vehicle.

¶ 12 “[T]he ‘into [property]’ element is satisfied when [a] bullet[] damage[s] the

 exterior of a building, even though there is no evidence that the bullet[] penetrated

 to the interior.” State v. Canady, 191 N.C. App. 680, 689, 664 S.E.2d 380, 385 (2008)

 (citations omitted). Further, “[t]here is no requirement that the defendant have a

 specific intent to fire into the occupied building, only that he . . . (1) intentionally

 discharged the firearm at the occupied building with the bullet(s) entering the

 occupied building, or (2) intentionally discharged the firearm at a person with the

 bullet(s) entering an occupied building.” Id. at 686, 664 S.E.2d at 383-84 (citation

 omitted).

¶ 13 In State v. Miles, 223 N.C. App. 160, 733 S.E.2d 572 (2012), the defendant

 alleged that he had not violated N.C. Gen. Stat. § 14-34.1(b) when he discharged a

 firearm that struck a porch because the porch was not part of the house. State v.

 Miles, 223 N.C. App. 160, 161, 733 S.E.2d 572, 573 (2012). This Court found no error

 by the trial court in denying the defendant’s motion to dismiss pursuant to N.C. Gen.
 STATE V. STATON

 2021-NCCOA-427

 Opinion of the Court

 Stat. § 14-34.1(b). Id. at 160, 733 S.E.2d at 573. This Court reasoned that the porch

 fell into the meaning of “building” because it was attached to the house and shared

 many of the same activities as the home. The Miles Court employed a broad

 construction of N.C. Gen. Stat. § 14-34.1, applying the statute to “any building,

 structure . . . or other conveyance, device, equipment, erection, or enclosure”, and

 there was no reason to find that the porch was not part of the house, given the purpose

 of the statute. Id. at 163-64, 733 S.E.2d at 574-75. “The purpose of [N.C. Gen. Stat.]

 § 14-34.1 is to protect occupants of the building, vehicle, or other property, described

 in the statute.” Id. at 163, 733 S.E.2d at 575 (quoting State v. Mancuso, 321 N.C. 464,

 468, 364 S.E.2d 359, 362 (1988)).

¶ 14 Here, the “into [property]” element was satisfied when the bullet struck the

 truck’s toolbox. While the bullet did not enter the vehicle through a standard part of

 the vehicle, such as the tailgate or the door, the bullet did strike the exterior of the

 vehicle, via the toolbox. Similar to Miles, where this Court ruled that a bullet that

 struck the outside of a porch satisfied the “into [property]” element, a bullet striking

 a toolbox connected to an occupied vehicle is sufficient to satisfy the “into [property]”

 element. In Miles, the porch was attached to the exterior of the house and shared a

 common wall with the house. Miles, 223 N.C. App. at 163, 733 S.E.2d at 574. In the

 case before us, the toolbox was similarly fastened to the exterior of the truck and even

 sat inside the bed of the truck, adjacent to the wall of the truck’s passenger cabin.
 STATE V. STATON

 2021-NCCOA-427

 Opinion of the Court

¶ 15 The legislative purpose of the statute is clear. The purpose of the statute is to

 protect the occupants of certain properties from being shot at. Mancuso, 321 N.C. at

 468, 364 S.E.2d at 362. To hold that Defendant is not guilty would contradict the

 purpose of the statute and frustrate the intent of the legislature.

¶ 16 We agree with the trial court that the State met its burden to proceed to the

 jury on its theory that Defendant willfully discharged a firearm into an occupied

 vehicle while in operation. The bullet striking the toolbox of the vehicle is sufficient

 to meet the requirement of firing “into [property]”.

 III. Conclusion

¶ 17 The trial court did not err in denying Defendant’s motion to dismiss the charge

 of discharging a firearm into an occupied vehicle while in operation.

 NO ERROR.

 Chief Judge STROUD and Judge HAMPSON concur.